FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 27, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL MOSES YALLUP,<br><br>Defendant. | No. 1:19-CR-02023-SAB-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 45, 46** |

On December 27, 2019, the Court held a hearing on Defendant's Motion to Modify Conditions of Pre-trial Release (ECF No. 45). Defendant appeared with Assistant Federal Defender Ben Hernandez. Assistant United States Attorney Michael Murphy represented the United States.

Specifically, Defendant requests the Court modify his conditions of pretrial release to allow him to reside with his nephew and his nephew's family. Defendant is suffering medical issues and is recovering from influence and pneumonia which required hospitalization. ECF No. 45 at 2. He has been residing at a homeless shelter, which poses challenges with his current recovery.

ORDER - 1

ECF No. 45 at 2. The proposed release address, the home of Defendant's nephew and his wife, is also the home of his nephew's children ages 18, 12, and 6, one of whom is a female. ECF No. 27 at 2. The Court previously considered a motion requesting the same relief prior to Defendant entering a plea of guilty. ECF Nos. 23, 26, 27. At that time, the Court denied the motion, noting significant concerns about the proposal to permit Defendant to reside with other minor relatives who are

> in the same age range as the victim during the alleged abuse and one of whom is the same sex as the victim. Although Defendant's nephew has offered to supervise Defendant while at the proposed release address, the Court finds this is not a practical way to effectively ensure the safety of the children in the home… Defendant's nephew will need to sleep, shower, run errands, and do other tasks that would not permit constant supervision of Defendant with three children. Accordingly, the Court finds Special Condition No. 9 remains necessary to reasonably assure the safety of the community, including the children in Defendant's nephew's home.

ECF No. 27 at 2-3.

Subsequently, on December 11, 2019, Defendant pled guilty to incest. ECF No. 44. According to the plea agreement, the abuse occurred when Defendant was living in the home of the minor victim's parents, the minor, and the minor's three siblings. ECF No. 43 at 6. The Court notes that the allegations underlying the conviction include that he sexually abused the victim, who was a family member residing in the same residence as Defendant, starting when she was seven to eight years old until she was a teenager. ECF No. 43 at 5-11.

ORDER - 2

Moreover, much of the abuse occurred when the parents were away from the home but also included Defendant entering the victim's bedroom when she was sleeping. ECF No. 43 at 7-10.

Given the methods by which the underlying crime was committed, the Court's prior concern regarding the ability to supervise Defendant at all times with minor children remains relevant. Although the Court has empathy for Defendant's medical circumstances and as counsel noted, Defendant has completed substance abuse treatment, these factors do not outweigh the Court's concern regarding the safety of the minors residing at the proposed release address. The Court concludes that the request should be denied.

Accordingly; **IT IS HEREBY ORDERED:**

1. The Motion to Expedite (**ECF No. 46**) is **GRANTED**.

2. The Motion to Modify Conditions of Release (**ECF No. 45**) is **DENIED.**

3. All conditions of pre-trial release (ECF No. 15) shall remain in force.

DATED December 27, 2019.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE