PROB 12C
(6/16)

Report Date: March 27, 2024

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 27, 2024

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Michael Moses Yallup | Case Number: 0980 1:19CR02023-SAB-1 |
| Address of Offender: ▓▓▓▓▓▓ White Swan, Washington 98952 | |
| Name of Sentencing Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge | |
| Date of Original Sentence: October 21, 2020 | |
| Original Offense: Incest, 18 U.S.C. § 1153 | |
| Original Sentence: Prison - 14 months<br>TSR - 120 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: Letitia Alberta Sikes | Date Supervision Commenced: May 12, 2022 |
| Defense Attorney: Alex B Hernandez, III | Date Supervision Expires: May 11, 2032 |

### PETITIONING THE COURT

To issue a warrant.

On May 16, 2022, the supervised release conditions were reviewed by Mr. Yallup, indicating an understanding of his conditions.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #2**: You must not have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.<br><br>**Supporting Evidence**: Mr. Yallup is alleged to have violated his conditions of supervised release by having contact with a child under the age of 18, from March 22 to 25, 2024.<br><br>On March 25, 2024, this officer received a telephone call from Ken Schafer, Mr. Yallup's sex abuse counselor. Mr. Schafer advised this officer that at a recent session, Mr. Yallup had admitted that he had consumed alcohol earlier that day. In addition, Mr. Yallup admitted to Mr. Schafer that his daughter, son-in-law, and 5-year-old grandchild had been residing with him. Mr. Yallup informed Mr. Schafer that he had allowed them to move in so they |

Prob12C
Re: Yallup, Michael Moses
March 27, 2024
Page 2

would not be homeless. When Mr. Schafer asked Mr. Yallup if he had informed this officer of the situation, Mr. Yallup replied he did not because he was not aware that he would be in trouble with probation. This officer informed Mr. Schafer that he would be following up with Mr. Yallup.

Later that same day, this officer contacted Mr. Yallup by telephone. During the call, Mr. Yallup admitted that his daughter, son-in-law, and grandchild had been residing with him the past 3 days. This officer explained to Mr. Yallup that having them reside with him was a violation of his supervised release conditions, to which Mr. Yallup acknowledged understanding. This officer noticed Mr. Yallup's speech was slurred and Mr. Yallup admitted to consuming eight beers earlier that day. This officer instructed Mr. Yallup not to return to the residence if his daughter, son-in-law, and grandchild were still there, and Mr. Yallup indicated his understanding.

Also that same day, this officer and United States Probation Officer (USPO) Santana attempted a home contact at Mr. Yallup's residence. Upon arriving at the residence, this officer and USPO Santana noticed chalk drawings on the driveway which were consistent with the drawings of a minor child. This officer took photographs of the chalk drawings. There was no answer at the front door. This officer then contacted Mr. Yallup by telephone, whereby Mr. Yallup's speech was still slurred. Mr. Yallup informed this officer that he was at the Columbia River. This officer directed Mr. Yallup to report to the probation office by 3 p.m. on March 26, 2024. Mr. Yallup answered he would.

On March 26, 2024, Mr. Yallup reported to the probation office as directed. Mr. Yallup informed USPO Santana that his daughter, son-in-law, and grandchild had moved into his home on March 22, 2024, as they were homeless; however, they moved out on March 25, 2024. Mr. Yallup denied ever being alone with his grandchild in the home. Mr. Yallup admitted to consuming eight beers on March 25, 2024. Mr. Yallup reviewed and signed an admission form stating he consumed alcohol on that date. Mr. Yallup was directed to inform his substance abuse treatment provider about his relapse.

Later that same day, Mr. Yallup's daughter, Jennifer Yallup, contacted this officer via Mr. Yallup's cell phone. Ms. Yallup informed this officer that she had moved in with her father on March 22, 2024, but had moved out on March 25, 2024. This officer inquired if Mr. Yallup had ever been alone with her child, to which she replied no. Ms. Yallup informed this officer that she believed her father had received approval from the probation office for them to reside there, to which this officer replied Mr. Yallup had not received any such approval. Ms. Yallup voiced her understanding.

2    **Special Condition #11:** You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to uranalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: Mr. Yallup is considered to be in violation of his supervised release conditions by consuming alcohol on March 25, 2024.

Please refer to narrative found in Violation #1.

Prob12C
Re: Yallup, Michael Moses
March 27, 2024
Page 3

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    March 27, 2024

s/Kyle Mowatt

Kyle Mowatt
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

3/27/2024

Date