FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL MOSES YALLUP,<br><br>　　　　Defendant. | No.   1:19-CR-002023-SAB-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** |

　　Before the Court are Defendant's Motion to Modify Conditions of Release, ECF No. 152, and Motion to Expedite, ECF No. 153. A hearing on the motion was held on August 7, 2024, August 13, 2024, and September 3, 2024, in Yakima, Washington. Defendant was present and represented by Ben Hernandez. The United States was represented by Letitia Sikes. Ken Schafer also participated by providing testimony at the September 3, 2024 hearing.

　　At issue is Defendant's request to modify a Special Condition of Release. Currently, Special Condition # 2 states:

> You must not have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** ~ 1

Two petitions were filed by U.S. Probation alleging three violations of this Special Condition. On June 13, 2024, Kyle Mowatt, U.S. Probation officer, conducted a site visit. He noticed that Defendant's daughter and granddaughter were present at the house. Defendant explained that his daughter and granddaughter were homeless and needed a place to stay. Defendant submitted a Breathalyzer test, which returned 0.00. Mr. Mowatt told the daughter that they needed to leave, and they did.

On June 28, 2024, Mr. Mowatt conducted another home inspection. Defendant's daughter and granddaughter were again present at the house. Defendant also admitted to drinking at least five beers that he purchased the previous night.

As explained to the Court, the daughter and her family have struggled with homelessness. It is not always possible for them to find other family members to take them in. So, when there is no other choice, the family shows up at Defendant's house and he is faced with the difficult decision to either turn them away, or to let them stay and face possible sanctions for violating his conditions of release. Indeed, Defendant was incarcerated from almost a month for giving his daughter and her family a respite from the heat and a place to lay their heads and failing to notify U.S. Probation that he was doing so.

Defendant's daughter reported to U.S. Probation that at no time has Defendant been alone with his granddaughter. And there is no allegation that Defendant has engaged in conduct similar to the underlying charges.[1] Moreover, Defendant has engaged in sexual offender treatment, which appears to be working.

---

[1] When asked if Defendant engaged in any unlawful sexual abuse, Ms. Sikes responded, "No yet." As far as the Court can determine, there is nothing in the record to support Ms. Sikes' speculation. There is nothing to indicate that Defendant has committed further wrongful sexual acts since he was charged in this matter. Instead, it appears that Defendant has engaged in sex offender treatment as well as substance abuse treatment,

**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** ~ 2

Defendant asks to modify Special Condition # 2 as follows or add this Special Condition:

> You may have contact with Minor M.O. in the presence of the minor's mother while at your residence. You must contact the supervising probation officer immediately to notify him/her of the minor and mother's presence at your residence. In addition to Special Condition 11 prohibiting you from consuming alcohol, you are strictly prohibited from consuming alcohol while Minor M.O. is at your residence.

As the Court sees it, the requested modification does not significantly change Special Condition #2. Rather, it is supplying an exception to the Special Condition. As Special Condition #2 makes clear, while contact with a minor child is generally prohibited, the condition anticipates that inadvertent contact may occur. And if that happens, Defendant must contact U.S. Probation. Moreover, the Special Condition #2 gives U.S. Probation authority to permit contact with a minor. Thus, the requested modification does not appear necessary, because U.S. Probation could simply permit the contact if requested.

Because it is anticipated that Defendant's daughter will randomly show up again at his house, Defendant is asking that Special Condition # 2 be modified to provide him specific guidance as to what to do when his daughter and family show up, while allowing him to provide his daughter and her family with a place to stay so they do not have to be homeless. Presumably, after being contacted, U.S. Probation could conduct a home inspection and provide guidance to the family to ensure the safety of all.

The United States opposes this modification, and instead seemingly suggests the Court should modify Special Condition #2 to prohibit all contact with any child under the age of 18. The United States also seemingly suggests that the daughter would not make an appropriate chaperone, although this is unsupported by the

---

which the Court presumes is providing Defendant with strategies to prevent him from reoffending and assisting him in dealing with his alcohol addiction.

**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** ~ 3

record. Also, the record is not clear whether U.S. Probation actively initiated any process to see if Defendant's daughter could receive training or support to become an acceptable chaperone.

There are many factors that come into play in determining whether to modify Defendant's conditions of release. First and foremost is Defendant's constitutional rights to familial association. *See United States v. Wolf Child*, 699 F.3d 1082, 1089 (9th Cir. 2012) ("Conditions affecting fundamental rights . . . are reviewed carefully) (quotation omitted). The Court is also required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed ... to afford adequate deterrence to criminal conduct; ... to protect the public from further crimes of the defendant; and ... to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3583(d); *Wolf Child*, 699 F.3d at 1089-90. Additionally, under 18 U.S.C. § 3583(d), conditions of supervised release must be: (1) be reasonably related to the goals of deterrence, protection of the public, and/or defendant rehabilitation; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve those goals; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission. *Id.* at 1090.

Here, it is appropriate to impose the requested modification to Special Condition #2. The Court presumes that the original Special Condition #2 meets the requirements of § 3553(a) and § 3582(d). Because the proposed modification has nearly the same requirements as Special Condition #2, the Court presumes the proposed Special Condition meets the requirements § 3553(a) and § 3582(d). Moreover, the proposed modification addresses the important First Amendment concerns. And it is a practical solution to a difficult societal problem—homelessness. The Court finds that the requested modification is reasonably related to the goals of deterrence, protection of the public, and/or defendant rehabilitation; and involves no greater deprivation of liberty than is reasonably necessary to

**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** ~ 4

achieve those goals.

Finally, it is not clear to the Court why Mr. Schafer and the United States believe that Defendant's daughter is not capable of protecting her daughter, or why she would not qualify as an acceptable chaperone. The Court will order U.S. Probation to take steps to assist Defendant's daughter to become an acceptable chaperone.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Modify Conditions of Release, ECF No. 152, and Motion to Expedite, ECF No. 153, are **GRANTED**.

2. Special Condition #2 is modified as follows:

> You must not have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places. You may have contact with Minor M.O. in the presence of the minor's mother while at your residence. You must contact the supervising probation officer immediately to notify him/her of the minor and mother's presence at your residence. In addition to Special Condition 11 prohibiting you from consuming alcohol, you are strictly prohibited from consuming alcohol while Minor M.O. is at your residence.

//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** ~ 5

    3.  U.S. Probation is directed to begin the process of qualifying Defendant's daughter to become an acceptable chaperone.

    **IT IS HEREBY ORDERED**. The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** the United States Probation Office.

    **DATED** this 3rd day of September 2024.



                  Stanley A. Bastian
             Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE** ~ 6